# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1260

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Lucian Lonel Vrajitoriu, also known as | * | Northern District of Iowa. |
| Lucian Vrajitoriv, also known as | * | |
| Augustin Avasilichioe, also known as | * | [UNPUBLISHED] |
| Augustin Avasilic Hioe, also known as | * | |
| Adam Pawelec, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 4, 2000
Filed:   October 10, 2000

_____

Before BEAM, FAGG, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Lucian Vrajitoriu challenges the sentence imposed by the district court[1] upon a jury verdict convicting him of knowingly possessing an identification document, i.e., a Polish passport, in another's name, with the intent that such document be used to

_____

[1]The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa.

defraud the United States, in violation of 18 U.S.C. § 1028(a)(4); and with forgery or false use of the passport, in violation of 18 U.S.C. § 1543. The district court sentenced him to concurrent thirty-month imprisonment terms and three years supervised release. Vrajitoriu contends the court erred in increasing his base offense level pursuant to U.S.S.G. § 2L2.1(b)(3) ("If the defendant knew, believed, or had reason to believe that a passport or visa was to be used to facilitate the commission of a felony offense, . . . increase by 4 levels."), because the government failed to prove the passport he used was a "United States" passport. Specifically, he argues that, because section 2L2.1's title refers to "United States Passport,"[2] section 2L2.1(b)(3)'s reference to "a passport" is ambiguous and should be interpreted to mean a United States passport. We affirm.

Having reviewed de novo the district court's legal interpretation of the Guideline subsection at issue, we conclude the words "a passport" in section 2L2.1(b)(3) are not ambiguous and thus no need arises to look to the Guideline's heading or title as an interpretive aid. We conclude the district court properly declined to limit section 2L2.1(b)(3) to conduct involving United States passports. See Perrin v. United States, 444 U.S. 37, 42 (1979) ("A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning."); Brotherhood of R.R. Trainmen v. Baltimore & Ohio R.R. Co., 331 U.S. 519, 528-29 (1947) (title of statute and heading of section cannot limit text's plain meaning); United States v. Estrada-Quijas, 183 F.3d 758, 760 (8th Cir. 1999) (standard of review); United States v. Martinez-Santos, 184 F.3d 196, 204 (2d Cir. 1999) (basic statutory construction rules are used to interpret Guidelines).

Accordingly, we affirm.

_____

[2]The full title is "Trafficking in a Document Relating to Naturalization, Citizenship, or Legal Resident Status, or a United States Passport; False Statement in Respect to the Citizenship or Immigration Status of Another; Fraudulent Marriage to Assist Alien to Evade Immigration Law."

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.